UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STANFORD D. LEWINSON,

     Plaintiff,

v.                                                                      Case No. 3:25cv1817-TKW-HTC

BURDETT,

     Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Stanford D. Lewinson, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint under 42 U.S.C. § 1983 relating to a use of force incident that occurred on August 18, 2025. Doc. 1. Defendant Burdett has filed a motion to dismiss the complaint for Lewinson's failure to truthfully disclose his litigation history as required on the Court's complaint form. Doc. 31. Lewinson responded in opposition. Doc. 34. Upon review of the parties' submissions and the relevant law, the undersigned finds Burdett's motion should be GRANTED and Lewinson's complaint be DISMISSED WITHOUT PREJUDICE for his failure to truthfully disclose his litigation history.

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R.

5.7(A). Section VIII of the form requires litigants to disclose specific prior litigation history. Section VIII.A required Lewinson to disclose his prior litigation history pertaining to "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 12. Section VIII.B required him to disclose "any other lawsuits or appeals *in state or federal court* dealing with the same fact or issue involved in this case." *Id.* at 13 (emphasis in original). And Section VIII.C required him to disclose "any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging [his] conviction or relating to the conditions of [his] confinement." *Id.* (emphasis in original). The complaint form warns plaintiffs that "*failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.*" *Id.* at 11 (emphasis in original). Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.*

Despite signing the amended complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," (Doc. 1 at 18-19), Lewinson did not truthfully disclose his litigation history. In fact, Lewinson did not disclose any cases in the litigation history section. But based on Burdett's motion to dismiss and an independent review, the undersigned takes judicial notice that Lewinson failed to include *at least*

the following three cases: (1) *Lewinson v. State of Florida*, Case No. 2016-735 (Fla. 5th DCA 2016) (challenging Lewinson's criminal conviction); (2) *Lewinson v. State of Florida*, Case No. 2017-2940 (Fla. 5th DCA 2017) (appealing the state court's August 2017 resentencing); and (3) *Lewinson v. State of Florida*, Case No. 2025-1777 (Fla. 6th DCA 2025) (appealing the state court's denial of postconviction relief).  These cases were filed before the instant complaint and should have been disclosed under Section VIII.C.

Lewinson admits he failed to disclose "at least (5) appeals in the state court between 2014 and 2021" but argues dismissal is not appropriate for several reasons, none of which are persuasive.  Doc. 34.  First, Lewinson argues that "appointed counsel was the one who filed those appeals," therefore "he answered the questions **no** because he never filed a lawsuit before."  Doc. 34 at 1 (emphasis in original). This argument is disingenuous.  As an initial matter, the state court docket indicates Case No. 2025-1777 was a *pro se* filing appealing the denial of a 3.850 motion, which is a motion incarcerated individuals may file to challenge their judgment or sentence.  *See* Osceola County Case. No. 2014 CF 4196, Doc. 7/28/2025 ("Acknowledgement of [Fla. 6th DCA, Case No. 2025-1777] with Order Regarding Brief"); Fla. R. Crim. P. 3.850.  Therefore, Lewinson—not his court-appointed counsel—was the one who filed at least one of the appeals he should have disclosed on the form.

Regardless, Lewinson's position that he did not believe he needed to disclose those cases filed by counsel is simply untenable. The questions do not make that distinction. Lawyers act only behalf of their clients. *See Maracich v. Spears*, 570 U.S. 48, 61 (2013) ("It is no less true than trite that lawyers must operate in a three-fold capacity, as self-employed businessmen as it were, as trusted agents of their clients, and as assistants to the court in search of a just solution to disputes."). And the form directed Lewinson to "err on the side of caution." Doc. 1 at 11. Thus, Lewinson's alleged "misunderstanding" of the form does not "excuse the misrepresentation" or make "dismissal without prejudice" any less appropriate. *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming district court's dismissal based on failure to disclose where plaintiff objected that he "misunderstood" the form); *Merritt v. Dep't of Corr.*, No. 5:19cv144/TKW/MJF, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest mistake").

Second, Lewinson argues that "if by chance [he] answered the question wrong it wasn't intentionally it was only a lack of education and knowledge." Doc. 34 at 2. Whether Lewinson's failure to truthfully disclose his litigation history was intentional is irrelevant. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648-49 (11th

Cir. 2018) (affirming district court's sanction of dismissal because the plaintiff's failure to disclose prior lawsuits, even though unintentional, frustrated district court's ability to perform its screening function under the PLRA); *Lebarr v. Fla. Dep't of Corr.*, Case No. 5:21cv233-TKW-MJF, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (rejecting argument that a failure to disclose was a "simple mistake" because even if true, "a sanction is warranted to deter Plaintiff and others from carelessly filling out the civil rights complaint form, and under the circumstances, dismissal without prejudice is the appropriate sanction.").

If the Court excused a prisoner's failure to truthfully disclose his litigation history based on a conclusory allegation of "lack of education and knowledge," almost all prisoners would use that excuse to avoid the consequences of their misrepresentations. To the extent Lewinson is unsure of the cases he has filed, he can obtain a listing of those cases from the clerks of court. *See Burrell v. Warden I*, 857 F. App'x 624, 624-25 (11th Cir. 2021) (affirming district court's dismissal for failure to disclose even though prisoner claimed he lacked memory of an omitted lawsuit); *Sheffield v. Brown*, Case No. 5:23cv238/TKW/MJF, 2023 WL 9105658 at *3 (N.D. Fla. Dec. 14, 2023) ("Plaintiff could have requested his litigation history from the appropriate clerks of the various courts … .").

The Court has the inherent power to dismiss a complaint for failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025)

(recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form).  It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process.  *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Lewinson's failure to truthfully disclose his litigation history is to dismiss this case without prejudice.  *See Bratton v. Sec'y Dep't of Corr.*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").  "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no

effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1.     Defendant's motion to dismiss (Doc. 31) be GRANTED and this case be DISMISSED WITHOUT PREJUDICE for Lewinson's failure to truthfully disclose his litigation history.

2.     The clerk close the file.

At Pensacola, Florida, this 8th day of June, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:25cv1817-TKW-HTC